IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LAMOUNT AUSTIN,

    Plaintiff,

v.                                                                                      No. 1:23-cv-00898-LF

NEWREZ LLC,
NRZ ADVANCE RECEIVABLES,
DITECH FINANCIAL LLC,
GERALD A. LOMBARDO,
BENJAMIN CHAVEZ,
ROSE L. BRAND & ASSOCIATES,
UNKNOWN TRUSTEES, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER FOR AMENDED COMPLAINT AND ORDER TO CURE DEFICIENCY

THIS MATTER comes before the Court on *pro se* Plaintiff's Complaint to Quiet Title, Doc. 1, filed October 13, 2023, and Plaintiff's Motion for Leave to Proceed In Forma Pauperis, Doc. 2, filed October 13, 2023.

### I. Order for Amended Complaint

Plaintiff seeks to quiet title to a property which was the subject of a foreclosure action in state court. *See* Complaint at 2, ¶¶ 1, 3. Plaintiff also asserts claims for: (i) breach of contract; (ii) lack of standing to foreclose; (iii) fraud in the concealment; (iv) violations of TILA [Truth in Lending Act]; and violations of the RICO Act. *See* Complaint at 2.

The Complaint fails to state claims upon which relief can be granted. "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe*

*County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007).  The two-page Complaint does not allege facts explaining what each Defendant did to Plaintiff and when they did it.  The Complaint alleges "some Defendants" violated the RICO Act but does not identify which Defendants violated the RICO Act.  *See* Complaint at 3, ¶ 8.  The Complaint alleges violations of the Truth in Lending Act, but there are no allegations indicating which Defendants violated the Truth in Lending Act.  There are no factual allegations describing which provisions of RICO and TILA Defendants allegedly violated or describing how they violated those acts.  The only allegation regarding Defendant Benjamin Chavez, who appears to be the state-court judge presiding over the foreclosure action, states: "On or around November 22, 2019 a package which included an Affidavit of Truth was sent to Benjamin Chavez and filed in 2nd Judicial court case D-202-CV-201606657."  Complaint at 3, ¶ 6.

     Plaintiff seeks a judgment against Defendants and requests that Defendants "give credit or discharge the alleged debt" and "cease and desist any and all actions."  Complaint at 3.  Plaintiff does not describe the actions he wants Defendants to cease and desist.  It appears that Plaintiff's request for a judgment against Defendants may be barred by the *Younger* abstention doctrine or the *Rooker-Feldman* doctrine.

     If the proceedings in the state-court action are ongoing, then it appears the relief Plaintiff seeks may be barred by the *Younger* abstention doctrine which "dictates that federal courts not interfere with state court proceedings ... when such relief could adequately be sought before the state court."  *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999).  In determining whether *Younger* abstention is appropriate, the Court considers whether:

> (1) there is an ongoing state ... civil ... proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999).

If the proceedings in the state-court action are not ongoing, then it appears the relief Plaintiff seeks may be barred by the *Rooker-Feldman* doctrine which:

> bars federal district courts from hearing cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). Where the relief requested would necessarily undo the state court's judgment, *Rooker-Feldman* deprives the district court of jurisdiction. *Mo's Express*, 441 F.3d at 1237.

*Velasquez v. Utah*, 775 Fed.Appx. 420, 422 (10th Cir. 2019); *Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011) ("Under [the *Rooker-Feldman*] doctrine, 'a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights'") (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)).

The Court orders Plaintiff to file an amended complaint. The amended complaint must:

(i) comply with all applicable Federal Rules of Civil Procedure, including Fed. R. Civ. P. 8(a) which requires a short and plain statement of the grounds for the Court's jurisdiction, and the District of New Mexico's Local Rules of Civil Procedure;

(ii) contain factual allegations supporting each claim against each Defendant, *see Nasious*;

(iii) for each claim alleging a violation of a statute, identify the specific provisions of each statute that Plaintiff believes each Defendant violated and contain factual allegations showing how each Defendant violated each statute; and

  (iv)  contain factual allegations showing that the claims are not barred by the *Younger* abstention doctrine or the *Rooker-Feldman* doctrine.

## II. Order to Cure Deficiency

Plaintiff's Motion for Leave to Proceed In Forma Pauperis contains a one-paragraph "Financial Affidavit." The Court requires plaintiffs seeking to proceed *in forma pauperis* to file an "Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)" ("Long Form Application"). The Clerk's Office mailed Plaintiff a blank Long Form Application on October 13, 2023. Failure to file a Long Form Application within twenty-one (21) days from entry of this Order *or* failure to follow all instructions in the Long Form Application may result in denial of Plaintiff's Motion for Leave to Proceed In Forma Pauperis.

## III. Case Management

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

## IV. Compliance with Rule 11

The Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating

it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

**(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

**(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

**(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives.  *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that:

(i)  Plaintiff shall, within 21 days of entry of this Order, file an amended complaint. Failure to timely file an amended complaint may result in dismissal of this case.

(ii)  Plaintiff shall, within 21 days of entry of this Order, file an "Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)."  Failure to timely file a Long Form Application may result in denial of Plaintiff's Motion for Leave to Proceed In Forma Pauperis.

_____
Laura Fashing
United States Magistrate Judge