IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LAMOUNT AUSTIN,

      Plaintiff,

v.                                                                                                   No. 1:23-cv-00898-DHU-LF

NEWREZ LLC,
NRZ ADVANCE RECEIVABLES,
DITECH FINANCIAL LLC,
GERALD A. LOMBARDO,
BENJAMIN CHAVEZ,
ROSE L. BRAND & ASSOCIATES,
UNKNOWN TRUSTEES, et al.,

      Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff seeks to quiet title to a property which was the subject of a foreclosure action in state court. *See* Complaint to Quiet Title at 2, ¶¶ 1, 3, Doc. 1, filed October 13, 2023. Plaintiff also asserts claims for: (i) breach of contract; (ii) lack of standing to foreclose; (iii) fraud in the concealment; (iv) violations of TILA [Truth in Lending Act]; and violations of the RICO Act. *See* Complaint at 2.

United States Magistrate Judge Laura Fashing notified Plaintiff that:

> The Complaint fails to state claims upon which relief can be granted. "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007). The two-page Complaint does not allege facts explaining what each Defendant did to Plaintiff and when they did it. The Complaint alleges "some Defendants" violated the RICO Act but does not identify which Defendants violated the RICO Act. *See* Complaint at 3, ¶ 8. The Complaint alleges violations of the Truth in Lending Act, but there are no allegations indicating which Defendants violated the Truth in Lending Act. There are no factual allegations describing which provisions of RICO and TILA Defendants allegedly violated or

describing how they violated those acts.  The only allegation regarding Defendant Benjamin Chavez, who appears to be the state-court judge presiding over the foreclosure action, states: "On or around November 22, 2019 a package which included an Affidavit of Truth was sent to Benjamin Chavez and filed in 2nd Judicial court case D-202-CV-201606657."  Complaint at 3, ¶ 6.

Plaintiff seeks a judgment against Defendants and requests that Defendants "give credit or discharge the alleged debt" and "cease and desist any and all actions."  Complaint at 3.  Plaintiff does not describe the actions he wants Defendants to cease and desist.  It appears that Plaintiff's request for a judgment against Defendants may be barred by the *Younger* abstention doctrine or the *Rooker-Feldman* doctrine.

If the proceedings in the state-court action are ongoing, then it appears the relief Plaintiff seeks may be barred by the *Younger* abstention doctrine which "dictates that federal courts not interfere with state court proceedings ... when such relief could adequately be sought before the state court."  *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999).  In determining whether *Younger* abstention is appropriate, the Court considers whether:

> (1) there is an ongoing state ... civil ... proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999).

If the proceedings in the state-court action are not ongoing, then it appears the relief Plaintiff seeks may be barred by the *Rooker-Feldman* doctrine which:

> bars federal district courts from hearing cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). Where the relief requested would necessarily undo the state court's judgment, *Rooker-Feldman* deprives the district court of jurisdiction. *Mo's Express*, 441 F.3d at 1237.

*Velasquez v. Utah*, 775 Fed.Appx. 420, 422 (10th Cir. 2019);  *Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011) ("Under [the *Rooker-Feldman*] doctrine, 'a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights'") (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)).

Order for Amended Complaint at 1-3, Doc. 5, filed October 16, 2023.  Judge Fashing ordered Plaintiff to file an amended complaint and notified Plaintiff that failure to timely file an amended complaint may result in dismissal of this case.  Plaintiff did not file an amended complaint by the November 6, 2023, deadline.

The Court dismisses this case because: (i) the Complaint fails to state a claim upon which relief can be granted; and (ii) Plaintiff did not file an amended complaint or otherwise respond to Judge Fashing's Order for an Amended Complaint.

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

_____
**UNITED STATES DISTRICT JUDGE**